UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD R. GEORGES, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 16-11491-JCB |
| AMERICA'S WHOLESALE LENDER, et al., | ) |
| Defendants. | ) |

ORDER ON APPLICATION TO PROCEED WITHOUT
PREPAYMENT OF FEES, ORDER FOR REASSIGNMENT
AND REPORT AND RECOMMENDATION FOR DISMISSAL

August 9, 2016

Boal, M.J.

Plaintiff Ronald R. Georges ("Georges" or "Plaintiff") filed a pro se complaint [Docket No. 1] that consists primarily of a recounting of events surrounding the April 7, 2012 conveyance to Georges of property located at 3 Abbotsford Street in Dorchester as well as his unsuccessful efforts to challenge alleged inadequacies in the subsequent eviction of him and his family from the property on October 27, 2014. With the complaint, Georges filed an application [Docket No. 2] to proceed without prepayment of fees and affidavit ("Application"). This action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges.

For the following reasons, the Court grants Georges' Application, directs the reassignment of this case to a District Judge, and recommends that the District Judge to whom this case is reassigned dismiss this action.

I.      FACTS AND PROCEDURAL HISTORY

On July 15, 2016, Plaintiff filed the instant complaint against America's Wholesale Lender ("AWL") and Bank of America ("BOA"). See Complaint ("Compl."). The complaint is accompanied by over one dozen exhibits and is titled "Plaintiffs' motion to dismiss for failure to attach a copy of the promissory note and motion to dismiss for failure to state a cause of action and request for injunction." Id.

Georges maintains that the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question), § 1343 (civil rights and elective franchise) and § 1585 (powers in law and equity) as well as pendent jurisdiction to entertain a claim arising under state law. Id. at p. 2. The complaint contains two counts: one pursuant to 42 U.S.C. § 1983 (the federal civil rights statue); and the second for conspiracy to violate Mass. Gen. Laws ch. 260, § 5B (the Massachusetts Civil Rights Act's three-year statute of limitations). Id.

Plaintiff alleges that on April 7, 2012, he was "assigned the property by a Deed of Trust conveyed from Steven Hankins who was owner and mortgagor of the property." Compl., at p. 1. Plaintiff alleges that on October 17, 2014, the property "was seized by Boston Police officers Badge #2239 without proper notice." Id. at p. 2. Plaintiff's lawsuit to quiet title in Suffolk Superior Court was dismissed for lack of standing. Id., see Georges v. Boston Police Badge No. 2239, et al., No. SUCV2014-03511 (Mass. Super. Ct. Nov 25, 2014) (MacLeod, J.). In a Memorandum and Order dated April 15, 2016, the appeals court affirmed the dismissal finding that Hankins could not convey any interest in the property to Georges on April 7, 2012, because Hankins' interest in the property had been extinguished when a foreclosure sale to the Federal National Mortgage Association took place on February 8, 2012. See Georges v. Boston Police Badge No. 2239, et al., No. 15-P-367 89 Mass. App. Ct. 1118, 48 N.E.3d 495 (Mass. Appeals Ct.

Apr. 15, 2016). Plaintiff alleges that his application for further appellate review was denied by the Supreme Judicial Court on June 30, 2016. See Compl. at p. 2. Plaintiff complains that he became aware of the dismissal on July 8, 2016. Id.

Plaintiff alleges that on March 23, 2016, during the appeals process, he and Hankins sent BOA an authorization to release loan information and that the following day, on March 24, 2016, BOA approved a loan authorization. Id. Georges complains that BOA counsel promised to deliver the promissory note and that, to date, Georges has not received a certified copy of the promissory note. Id. Plaintiff contends that the defendants denied plaintiff his "federal constitutionally protected rights, including procedural and substantive due process rights, and violation of the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States." Id.

Georges further alleges that on April 6, 2016, he sent to BOA a "notarized Freedom of Information Request (FOIA) for "Adequate Assurance of Due Performance." Id. at p. 3. Georges states that BOA sent him copies of other financial documents, but "without a copy of the note." Id. Georges states that the letter he subsequently received from BOA was "a 'stall for investigation' letter." Id. Georges contends that BOA wrongly concluded that the third party authorization was invalid, in part, because Hankins signature was absent and not notarized. Id. Finally, Georges complains that BOA illegally foreclosed on the property and failed to produce "any assignment from America's Wholesale lender (AWL)." Id.

Georges seeks equitable relief and monetary damages. He seeks an injunction and an order that would "reverse and dismiss the lower courts (sic) ruling pursuant to Federal Rule 37 'Failure to Make Disclosures or to Cooperate in Discovery.'" Id. at p. 1.

3

II.     APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. See 28 U.S.C. § 1915(a)(1). Upon review of Georges' Application, the Court concludes that he has shown that he is without assets to pay the filing fee. Accordingly, the Court ALLOWS the Application.

III.    SCREENING OF THE COMPLAINT

Because Georges is proceeding without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements of Section 1915 of Title 28, the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915 (e)(2); Neitzke v. Williams, 490 U.S. at 325; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).

In determining whether a complaint states a claim, the court accepts as true the well-pleaded allegations in the complaint and takes reasonable inferences in the plaintiff's favor. Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard does not require a probability but is more than a mere possibility. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In conducting the preliminary screening, the Court construes plaintiff's pro se complaint generously.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

IV.   DISCUSSION

Dismissal is warranted in this case pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction and 28 U.S.C. § 1915 (e)(2) for failure to state a claim.  As discussed below, the complaint fails to state a cognizable federal question and this Court is without jurisdiction to review the decisions of the Commonwealth courts.

   A.   Jurisdiction

A court has an obligation to inquire sua sponte into its own jurisdiction.  See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

   1.   Federal Courts Lack Jurisdiction To Directly Review State Court Decisions

"Federal courts are courts of limited jurisdiction—and those limits demand strict adherence." Ramirez-Matias v. Holder, 778 F.3d 322, 323 (1st Cir. 2015).  The Rooker-Feldman doctrine prevents a federal district court from exercising subject matter jurisdiction over an action brought by a party who lost in state court and who is "seeking review and rejection of that judgment" in federal court.  Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005); see also Davison v. Gov't of P.R.-P.R. Firefighters Corps, 471 F.3d 220, 223 (1st Cir. 2006) ("[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment.").[1]  The Rooker-Feldman

---

[1] The term "Rooker-Feldman doctrine" is shorthand reference to the Supreme Court's interpretation of § 1257 in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

doctrine "precludes courts from exercising subject matter jurisdiction where the issues presented in the case are 'inextricably intertwined' with questions previously adjudicated by a state court, such that the federal district court would be in the unseemly position of reviewing a state court decision for error." Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 44 (1st Cir. 2003). An issue is inextricably intertwined with a state court claim "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Id. (quoting Hill v. Town of Conway, 193 F3d 33, 39 (1st Cir. 1999)).

Here, Georges is clearly asking this Court to review and reject the judgment of the Commonwealth courts. He seeks to have this Court reverse the finding that the "deed of trust" failed to provide Georges with a right to challenge the foreclosure. In fact, he seeks to challenge the foreclosure itself. This Court is without jurisdiction to address the validity of the state court judgments that Georges seeks to have overturned.

2. Diversity Jurisdiction

Although not alleged in the complaint, the Court has no reason to believe that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because there is not complete diversity of citizenship between Georges, identified as a Massachusetts citizen, and all the defendants, one of whom (Bank of America) is alleged to be located in Massachusetts. Docket No. 1 at 3. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978); Am. Fiber & Fin., Inc. v. Tyco Healthcare Group, L.P., 362 F.3d 136, 139 (1st Cir. 2004). Where, as here, both plaintiff and one defendant are from the same state, there is no complete diversity.

  B. <u>Plaintiff Fails to State a Claim on Which Relief May be Granted</u>

  1. <u>Plaintiff's Complaint Fails to State Plausible Civil Rights Claim</u>

Title 42, United States Code, Section 1983, "which derives from § 1 of the Civil Rights Act of 1871, 17 Stat. 13, creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." <u>Rehberg v. Paulk</u>, 132 S.Ct. 1497, 1501–02 (2012).  Under the terms of the statute, "'[e]very person' who acts under color of state law to deprive another of a constitutional right [is] answerable to that person in a suit for damages." <u>Id.</u> (citing <u>Imbler v. Pachtman</u>, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

A Section 1983 plaintiff must show not only that a person deprived him of a federal right, but also that such person acted under color of state law. <u>Grapentine v. Pawtucket Credit Union</u>, 755 F.3d 29, 31 (1st Cir. 2014)  (credit union's mortgage foreclosure sale pursuant to state statute is not state action).  A private actor's conduct can be fairly attributable to the State if the facts and circumstances of the case satisfy one of three tests: the public function test, the state compulsion test, or the joint action/nexus test. <u>See</u> <u>Grapentine</u>, 755 F.3d at 32; <u>Alberto San, Inc. v. Consejo De Titulares Del Condominio San Alberto</u>, 522 F.3d 1, 4 (1st Cir. 2008).  The United States Supreme Court "has squarely rejected the argument that mere legislative authorization of a creditor's private power of sale with respect to a debt owed constitutes a delegation of a traditional governmental function." <u>Grapentine</u>, 755 F.3d at 32 (citing <u>Flagg Bros., Inc. v. Brooks</u>, 436 U.S. 149, 162-64 (1978)).

Here, the defendants are private parties and would not ordinarily fall under the "color of state law" within the meaning of Section 1983.  Georges' allegations do not permit any inference that either defendant's actions are attributable to the State.  Moreover, through the use of the

term conspiracy in the complaint, Georges appears to allege a "conspiracy" between the defendants. However, the allegations fail to state a colorable conspiracy claim pursuant to Section 1983. "To present an adequate conspiracy claim, there must be allegations of (1) an agreement between two or more state actors ... (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Lumpkin v. Lucey, No. 09–11921–RGS, 2010 WL 1794400, at *5 (D. Mass. 2010) (quotations and citations omitted). Here, nothing in Georges' complaint plausibly suggests a conspiracy or agreement between the defendants to deprive Georges of his constitutional rights. Accordingly, Georges' conspiracy claim cannot lie against the private defendants.

    2.    The Freedom of Information Act Provides
No Cause Of Action For Private Individuals

To the extent Georges alleges that he sent a notarized Freedom of Information request (FOIA), the Freedom of Information Act does not provide Georges with any cause of action with respect to the defendants. The Freedom of Information Act regulates disclosure of government documents, 5 U.S.C. § 552, and Section 552(a)(4)(B) confers jurisdiction only with respect to agency defendants. Bank of America and America's Wholesale Lender, as financial institutinos, are not regulated under the Freedom of Information Act. Thus, the Freedom of Information Act does not provide Georges with a cause of action.

    C.    Plaintiff Has Failed To State A Plausible MCRA Claim

To the extent Georges may be asserting a claim under the Massachusetts Civil Rights Act ("MCRA"), Mass. Gen. Laws ch. 12, § 11I, he has failed to set forth any underlying facts to show a violation by the defendants. The MCRA is the state analog to 42 U.S.C. § 1983. See Martino v. Hogan, 37 Mass. App. Ct. 710, 720-21 (1994). To state a claim under the MCRA, Georges must allege facts plausibly suggesting that the exercise of his constitutional rights has

8

been interfered with, or attempted to be interfered with, and that the interference or attempted interference was by "threats, intimidation or coercion." Swanset Development Corp. v. Tauton, 423 Mass. 390, 395 (1996).  Here, Georges has not alleged any facts or circumstances plausibly suggesting that threats, intimidation, or coercion existed in connection with the alleged wrongdoings by the defendants.  Thus, the Court does not recommend exercising supplemental jurisdiction over any state-law claims.   Such claims may be dismissed without prejudice.

V.      ORDER FOR REASSIGNMENT

This Court directs that the case file for this action be returned to the Clerk's Office for REASSIGNMENT to a District Judge for dismissal.

VI.     RECOMMENDATION TO THE DISTRICT JUDGE

For the foregoing reasons, the Court recommends that the District Judge to whom this case is reassigned that the complaint be dismissed pursuant to Fed. R. Civ. P. 12(h)(3)  for lack of jurisdiction and 28 U.S.C. § 1915 (e)(2) for failure to state a claim.

VII.    NOTICE OF RIGHT TO OBJECT

Georges is hereby advised, pursuant to the provisions of Fed. R. Civ. P. 72(b), that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72. Georges is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas

Hospital,199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

VIII.   CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.   Plaintiff's Application to Proceed Without Prepayment of Fees is ALLOWED;

2.   This action shall be REASSIGNED to a District Judge; and

3.   This Court RECOMMENDS to the District Judge to whom this case is assigned that the complaint be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of jurisdiction and 28 U.S.C. § 1915 (e)(2) for failure to state a claim.

SO ORDERED.

 /s/   Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge